Judge Marshall delivered
this Opinion.
Judge Ewing was not present at the hearing, and took no part in the decision.
The executors of Frances Helm brought an action of covenant against the administratrix (with the will annexed) of Lowry Jones, upon articles entered into between their testators.
It appears from the covenant, which is set forth at large in the declaration, that Jones had undertaken, and was authorized, to manage the lands of Frances Helm, executrix of Meredith Helm, deceased; and he bound himself to pay to her such money as should come to his hands, after discharging his commission and lawful expenses. It was alleged for breach, that Jones had, under this authority, sold and conveyed several tracts of land, for which he had receiAmd large sums, but had failed to pay them over &c.
Plea; covenants performed, with leave.
The writing, declared on in covenant, is not put in issue by the plea of covenants performed, with leave for def’t to give special matter in evidence; but stands admitted, as set out in the declaration, from which it may, with its recitals, be read as evidence, or the covenant itself may be read, so far as it comports with thedeclaration, without proof of its execution.
An agent’s deeds are admissible, as evidence against him, in a suit for the proceeds of the sales
Evidence; instructions to find for def’t, fyc.
In addition to the plea, that Jones had, in his lifetime, paid, over all the money received, except his commissions and expenses, it was agreed on the record, that the defendants should have leave to give any special matter in evidence which would be admissible under any legal plea.
The refusal of the Court to permit the plaintiff to read, as evidence, either the recital of the covenant in the declaration, or a paper purporting to be the original covenant itself — each of which was successively offered to be read, presents the first questions to be considered by this court. The plea itself, which is called, a plea of covenants performed, did not put in issue, either the existence, or genuineness, of the writing declared on. Nor, as we conceive, did the privilege allowed to the defendant, of giving special matter in evidence, so operate as to require the plaintiff, in the first instance to make proof in regard to either of these points. In the case of Peebles vs. Porter (7 Mon. 610,) in which the widest possible operation is given to this privilege, it is expressly decided, that it has not the effect of a' plea of non est factum.
We think, therefore, that, by the pleadings in this case, the covenant as set out in the declaration was admitted, and that the plaintiff had a right to read to the jury, either the recital of it in the declaration, or the original covenant itself, so far as it conformed with the recital. The Circuit Court erred on each of these points.
It was also erroneous to reject the authenticated copies (offered by the plaintiff,) of several deeds, purporting to have been made by Lowry Jones, as attorney for Frances Helm, and conveying several tracts of land, for specific sums. Their application to the issue, as well as the importance of the facts they conduced to prove, is obvious.
After these several opinions agaihst them, the plaintiffs read the wills of Meredith Helm and Frances Helm, with the several certificates of probate; and also, the will of Lowry Jones, the order granting administration of his estate to the defendant, and the appraisement and sale bill of his estate, which exhibited a considerable *88 amount of personal property, and then proved the sale by .Jones, as attorney in fact, or agent of Frances Helm, of a portion of land, and the receipt by him of the proceeds of the sale, to the amount of one hundred dollars. On which evidence, the Court, at the instance of the defendant, and without the introduction of any testimony on her part, instructed the jury to find for the defendant. To this instruction, as well as to the rejection of the deeds, and the refusal to permit the reading of the declaration and covenant, exceptions were taken; and a verdict and judgment having been rendered for the defendant, the plaintiffs prosecute this writ of error.
An unexplained delay of nineteen years may authorize a presumption of payment; but it is a bare presumption, which may be rebutted by evidence inducing a belief to the contrary.— Deaths of parties, non-residence oftheplt’f Src. are such circumstances — all of which should be weighed by the jury. Peremptory instructions, that do not leave all such facts to them, are erroneous. And in a suit for the proceeds of sales made by an agent, the computation should be made from the time when he received the money, not from the date of the sale.
The evidence which was admitted, certainly conduced to prove a cause of action, under the covenant; and the only reason upon which we can suppose the instruction to have been founded, arises from the fact, that the sale to which the evidence relates, was made more than nineteen years before the suit was brought. But it does not appear when the purchase money was due or paid. Admitting, however, that there was, in this case, such a lapse of time as would, unexplained, have authorized the presumption that Jones had paid the proceeds of this sale to Mrs. Meredith, it would have been only a presumption; and as there were circumstances which might, in the opinion of the jury, have sufficiently accounted for the lapse of time, and thus rebutted the presumption, it was erroneous to give the peremptory instruction which excluded those circumstances from their consideration. The death of each of the parties to the original agreement, and the fact, that Frances Helm lived and died a resident of Virginia, which the wills of herself and Meredith Plelm and the certificates of probate conduced to prove, might have explained the long delay to the satisfaction of the jury, without resorting to the supposition of payment, or performance of the covenant by Jones.
For the several errors which have been noticed, the judgment is reversed, and the cause remanded, with directions that a new trial be had, on principles consistent with this opinion.